# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ROGER LEE BAKER, JR.,

    Petitioner,

v.

HARRIS COUNTY DISTRICT ATTORNEY, et al.,

    Respondents.

CIVIL ACTION NO.: 6:18-cv-10

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Roger Lee Baker ("Baker"), who is currently incarcerated at Jenkins Correctional Facility in Millen, Georgia, filed this action seeking this Court to intervene in a prosecution that resulted in his conviction in Talbot County, Georgia, Superior Court. (Doc. 1.) Baker also filed a Motion for Leave to Proceed *in Forma Pauperis*, (doc. 5), and a Motion to Vacate, Reverse, or Overturn Conviction, (doc. 3.) The Court **DENIES** Baker's Motion to Proceed *in Forma Pauperis* because this Court lacks jurisdiction to hear his claims. For the same reason, I **RECOMMEND** that the Court **DISMISS** this action and **DENY** Baker's Motion to Vacate, Reverse, or Overturn Conviction. I also **RECOMMEND** that the Court **DENY** Baker a Certificate of Appealability and **DENY** him *in forma pauperis* status on appeal.

## BACKGROUND

Though Baker's original and supplemental pleadings are far from a picture of clarity, he essentially asks this Court to reverse convictions for murder and other crimes that he received in the Superior Court of Talbot County. (Docs. 1–3, 5, 7, 8.) Throughout his pleadings, he essentially contends that the State of Georgia concealed evidence that would have proven his

innocence. For instance, he contends that the victim's autopsy report reveals that the murder weapon was a .22 caliber gun and not Baker's .45 caliber firearm. (Doc. 7, pp. 1–2.)

## DISCUSSION

**I.      Dismissal Under 28 U.S.C. §§ 1443 & 1455**

In his original pleading, Baker cited 28 U.S.C. § 1443 and asked this Court to intervene in his state criminal prosecution. (Doc. 1.) 28 U.S.C. § 1455 governs removal of state criminal actions and provides, in part:

> (a) Notice of removal. A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements. (1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455(a), (b)(1).

Baker failed to file a notice of removal within thirty days of his arraignment in state court or prior to his trial. Baker's state criminal case was concluded years ago, and nothing in Section 1443 or 1455 allows Baker to remove the case to this Court following his conviction. Consequently, he cannot rely upon the Court's removal power to invoke this court's jurisdiction. Muhammad v. Michigan Dep't of Corr., No. 1:17-CV-68, 2017 WL 743943, at *3 (W.D. Mich. Feb. 27, 2017) ("[T]he statute permits removal of a criminal action only before trial, and removal is not permitted after conviction. Because removal is not authorized under § 1443, this Court is without jurisdiction to entertain Plaintiff's criminal action at this time.") Additionally, Baker has

not complied with Section 1455(a), because he did not provide the Court "with a copy of all process, pleadings, and orders served upon" him in the criminal action.

Moreover, Section 1455 provides that, when a notice of removal of a criminal action is filed, the district court "shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). In this regard, 28 U.S.C. § 1443, permits removal of the following "criminal prosecutions[] commenced in a State court":

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The United States Supreme Court has held that a notice of removal under Section 1443(1) must satisfy a two-pronged test. Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (citing Georgia v. Rachel, 384 U.S. 780 (1966); City of Greenwood v. Peacock, 384 U.S. 808 (1966)).[1]

---

[1] In Rachel, the federal rights sought to be enforced were provisions of the Civil Rights Act of 1964 relating to the prohibition against refusals of service in or exclusions from public accommodations due to race or color. The Supreme Court, in accepting the allegations in the removal petition as true, determined the removal defendants would be denied or could not enforce their rights in the state courts, since the "burden of having to defend the prosecutions is itself the denial of a right explicitly conferred by the Civil Rights Act of 1964." Rachel, 384 U.S. at 805. The removal defendants in Peacock, in contrast, were being prosecuted for obstructing public streets, assault and battery, and other local crimes, and alleged they were being denied rights arising under the Constitution and 42 U.S.C. §§ 1971 and 1981 (the right to vote without discrimination based on race or color and guarantee of equal access to specified rights enjoyed by white persons, respectively). While the Supreme Court determined the statutory rights were within those contemplated by Section 1443(1), the Court found there was no showing the removal defendants would be denied or could not enforce their rights with the state courts. The removal defendants alleged "(1) that the defendants were arrested by state officers and charged with various offenses under state law because they were Negroes or because they were engaged in helping Negroes assert their rights under federal equal civil rights laws, and that they are completely innocent of the charges against them, or (2) that the defendants will be unable to obtain a fair trial in the state court." Peacock, 384 U.S. at 826. The Court held, however, that it was not enough to support removal to allege
3

"First, it must appear that the right allegedly denied the removal defendant arises under a federal law providing for specific civil rights stated in terms of racial equality." Id. (citation and internal quotation omitted). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice." Id. "Second, it must appear, in accordance with the provisions of Section 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" Id. (parentheses in original) (quoting Rachel, 384 U.S. at 803). "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." Id. (citation and internal quotation omitted).

> Under Section 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Peacock, 384 U.S. at 828. Failure to satisfy either prong of the Johnson two-pronged test is fatal to removal. Williams v. Mississippi, 608 F.2d 1021, 1022 (5th Cir. 1979);[2] Provident Funding Associates, LP v. Obande, 414 F. App'x 236, 238 (11th Cir. 2011) (per curiam).

---

that "federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." Id. at 827. The removal defendants could point to no federal law conferring on them the right to engage in the specific conduct with which they were charged, and there was no "federal statutory right that no State should even attempt to prosecute them for their conduct." Id. at 826. Baker's attempted bases for removal are more akin to those underlying Peacock than those underlying Rachel.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals handed down prior to October 1, 1981.

4

Baker's pleadings not satisfy either prong of the Johnson test for removal under Section 1443(1). As to the first, Baker does not claim that he is being deprived of a specific civil right stated in terms of racial equality. Indeed, he does not attempt to make this argument and only generally argues that his "constitutional rights" will be violated if his conviction stands. Johnson, 421 U.S. at 219 ("Claims that prosecution and conviction will violate rights under constitutional . . . provisions of general applicability . . . will not suffice."); Rachel, 384 U.S. at 792 ("[D]efendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."); Mississippi v. McCollum, 513 F.2d 285 (5th Cir. 1975) (constitutional right to a speedy trial cannot serve as basis for removal under 28 U.S.C. § 1443); Varney v. Georgia, 446 F.2d 1368, 1369 (5th Cir. 1971) (defendant's claims alleging violations of Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments had nothing to do with racial equality, and therefore, removal was not proper under Section 1443(1)); Georgia v. Spencer, 441 F.2d 397, 398 (5th Cir. 1971) (Section 1443 applies only to rights granted in terms of racial equality; claims of rights under constitutional guarantees of free speech and due process will not support removal.).

Baker likewise fails to satisfy the second prong of the Section 1443(1) removal test. As the Eleventh Circuit Court of Appeals has explained, under the Supreme Court's interpretation of Section 1443(1), it is not enough to allege that a defendant's civil rights have been corruptly denied in advance of trial or even that the defendant is unable to obtain a fair trial in a particular state court. Alabama v. Conley, 245 F.3d 1292, 1297 (11th Cir. 2001); see also Alabama v. Lucy, Civil Action No. 14-00434-KD-N, 2014 WL 4685631, at *3 (S.D. Ala. Sept. 22, 2014).

Rather, the vindication of a defendant's federal rights is left to the state courts, unless it can be clearly predicted that the very act of bringing a defendant to trial will deny those rights. Conley, 245 F.3d at 1297. "Such a showing can be made if the civil rights act pursuant to which the defendant has filed a notice of removal immunizes the defendant from the prosecution at issue." Lucy, 2014 WL 4685631, at *3 (quoting Conley, 245 F.3d at 1298). Baker has not attempted to make this demonstration, much less successfully done so in his pleadings. As a result, Baker's removal petition does not satisfy the either prong of the Johnson test; therefore, Baker's case is not removable under Section 1443(1). Georgia v. James, No. 5:07-CV-471-HL, 2007 WL 4481528, at *1 (M.D. Ga. Dec. 17, 2007).

Section 1443(2) allows removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The first clause under Section 1443(2), dealing with "any act under color of authority," confers the right to remove only upon "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Taylor v. Phillips, 442 F. App'x 441, 443 (11th Cir. 2011) (per curiam) (quoting Peacock, 384 U.S. at 824). The second clause under Section 1443(2), dealing with "refusing to do any act on the ground that it would be inconsistent with such law," allows the right to remove only to state officers. Peacock, 384 U.S. at 824 n. 22 (citation omitted).

Section 1443(2) is equally unavailable to Baker since its provisions are limited to state or federal officers and those authorized to act for them or under them. Varney, 446 F.2d at 1369 (citation omitted); Florida v. Beasley, No. 3:13CV593-MCR/CJK, 2013 WL 6536920, at *3 (N.D. Fla. Dec. 13, 2013). Baker has not shown that he is a state or federal officer or working for one. Thus, he cannot properly remove his state criminal prosecution under Section 1443(2).

Varney, 446 F.2d at 1369; see also Bell v. Taylor, 509 F.2d 808, 809 n.1 (5th Cir. 1975) ("28 U.S.C.[] § 1443(2) is inapplicable because it covers only federal officers and those acting under them.") (citation omitted).

For all of these reasons, the Court lacks jurisdiction to hear Baker's action under 28 U.S.C. §§ 1443 & 1455, and thus the Court should **DISMISS** his claims.

## II.     Dismissal as Unauthorized Second or Successive Section 2254 Petition

Because Baker seeks to collaterally attack a state conviction, the Court could construe this matter as being brought under 28 U.S.C. § 2254. However, the action would still be due to be dismissed. Pursuant to Rule 4 of the Rules governing Section 2254 petitions:

> The clerk must promptly forward the petition to a judge . . . , and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The requisite review of Baker's pleadings reveals he previously filed a Section 2254 petition, and he has not obtained relief from the Eleventh Circuit to file a successive petition. Thus, Baker cannot obtain relief in this Court.

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); see also Rule 9, Rules Governing Section 2254 Cases (2011). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. Burton v. Stewart, 549 U.S. 147 (2007) (holding the district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain order authorizing him to file the petition); Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330–31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This Section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

Baker previously prosecuted a Section 2254 petition in the United States District Court for the Middle District of Georgia seeking to vacate the same Talbot County Superior Court conviction that he challenges in this action. Petition, Baker v. Goodrich, 4:11-cv-80 (M.D. Ga. June 27, 2011), ECF No. 1. The Middle District of Georgia dismissed that petition as untimely. Order, Baker v. Goodrich, 4:11-cv-80 (M.D. Ga. November 11, 2011 & Dec. 23, 2011), ECF Nos. 29, 38, 39. The dismissal of that petition for untimeliness constitutes an adjudication on the

merits for purposes of § 2244(b)(3)'s second or successive petition requirements. See Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1325 (11th Cir. 2017). Indeed, the Middle District of Georgia has already dismissed a Section 2254 Petition that Baker filed in 2016 due to the successive petition bar. Order, Baker v. Ga. Dep't of Corrs., 4:16-cv-186 (M.D. Ga. June 2, 2016), ECF No. 7.

To the extent Baker were to argue that his Petition was brought pursuant to Section 2241 and, therefore, not subject to the restrictions of Section 2254 (including the restriction on second or successive petitions), because he is challenging the execution of his sentence and not its validity, that argument must fail. Baker is not challenging the execution of his sentence (i.e., the manner in which his sentence is being carried out); rather, he is challenging the very fact of his confinement, claiming that he is in custody in violation of the Constitution. See 28 U.S.C. § 2254(a). Moreover, Baker is "in custody pursuant to the judgment of a State court." Id. Thus, his Petition is subject to both Section 2241 and Section 2254 and these provisions' attendant restrictions. Thomas v. Crosby, 371 F.3d 782, 787–88 (11th Cir. 2004) (state prisoner's habeas petition, filed on the Section 2241 form and which challenged the state parole commission's setting of prisoner's presumptive parole release date, was properly brought under Section 2241 but was subject to the rules and restrictions of Section 2254, because the prisoner was in custody pursuant to the judgment of a state court); Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003) (state prisoner's habeas petition which challenged prison disciplinary actions was subject to both Section 2241 and Section 2254, because the prisoner was in custody pursuant to the judgment of a state court). Baker "cannot evade the procedural requirements of Section 2254 by filing something purporting to be a Section 2241 petition." Thomas, 371 F.3d at 787.

For all of these reasons, the Court lacks jurisdiction to hear Baker's construed petition for a writ of habeas corpus, and thus the Court should **DIMISS** his claims.

### III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Baker leave to appeal *in forma pauperis*. An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009). As there are no non-frivolous issues for Baker to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should **DENY** Baker *in forma pauperis* status on appeal.

Additionally, Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis added). Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued.[3] A

---

[3] The Eleventh Circuit has held that "a dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas corpus proceeding' for purposes of 28 U.S.C. § 2253(c).... Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary.'" Bolin v. Secretary, Fla. Dep't of Corr., 628 F. App'x 728, 730

Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Baker v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Baker's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal. Therefore, the Court should **DENY** Baker the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Baker a Certificate of Appealability, Baker is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

---

(11th 2016) (per curiam) (quoting Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004)). Therefore, it may be that Baker does not need a Certificate of Appealablity to appeal the Court's dismissal of this action. However, in abundance of caution, the Court should make clear that to the extent Baker needs a Certificate of Appealablity, he does not meet the standard for obtaining one.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS for lack of jurisdiction** Baker's Petition for Writ of Habeas Corpus, (doc. 1), and his Motion to Vacate, Reverse, or Overturn Conviction, (doc. 3). The Court should **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** that the Court **DENY** Baker a Certificate of Appealability and **DENY** Baker leave to proceed *in forma pauperis* on appeal. The Court **DENIES** Baker's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 5).

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** Clerk of Court to serve a copy of this Report and Recommendation upon Baker.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 9th day of July, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA